PER CURIAM.
We have for review a referee’s report recommending the continuance of an emergency suspension imposed upon Respondent Leonardo Jorge Guerra pursuant to rule 3-5.2 of the Rules Regulating The Florida Bar. We have jurisdiction. See art. V, § 15, Fla. Const. We approve and adopt the report.
On March 31, 2004, The Florida Bar filed a Petition for Emergency Suspension against Respondent Guerra pursuant to rule 3-5.2. The petition alleged that Guerra had misappropriated trust funds and misused his trust account by using recent deposits to satisfy obligations incurred in prior periods, similar to a “Ponzi” scheme. On this basis, the Bar contended that Guerra appeared to be causing great public harm and should be suspended on an emergency basis. Guerra filed a response to the petition alleging that although there were, in fact, irregularities in his trust account in 2003, no clients had complained and all clients had been paid. He alleged that there were currently sufficient funds in the trust account to cover any pending client liabilities. Further, Guerra stated that since the Bar’s investigation had begun and his violations had been discovered, he had realized that he was not qualified to handle his trust accounts alone and had hired an accountant to assist in bringing his trust accounts into compliance with Bar rules. Thus, he argued, he was no longer causing great public harm and, therefore, he should not be suspended, but rather should only be required to deposit all trust funds into a special trust account which could be monitored by the Bar or someone appointed by the Court. The Court rejected these arguments, granted the Bar’s petition for emergency suspension, and suspended Guerra pursuant to rule 3-5.2.
On April 20, 2004, Guerra filed a Motion to Dissolve Emergency Suspension, pursuant to rule 3 — 5.2(e)(1), essentially presenting the identical arguments that he had made in response to the initial petition for emergency suspension. The Court assigned the matter to a referee, who filed his report and recommendation with the Court on May 17, 2004. The referee found that the Bar had demonstrated a likelihood of prevailing on the merits of each element of its Petition for Emergency Suspension. Further, the referee recommended that the motion to dissolve the suspension be denied and that the suspension remain in force without amendment. Guerra now seeks review of the referee’s report and recommendation.
In these proceedings, Guerra admits that he violated trust accounting rules, but argues that the emergency suspension should be dissolved because he is no longer engaged in this misconduct. This is simply not a valid basis for dissolution of the emergency suspension. If it were, the *707 purpose of the emergency suspension would be entirely defeated. We expect that when one is discovered violating trust requirements, he or she most assuredly will immediately discontinue the conduct.
The commentary to the ABA Model Rules for Lawyer Disciplinary Enforcement, which contain a provision similar to rule 3-5.2, explains the reason for an emergency suspension in this context. It states, in part, that “[c]ertain misconduct poses such an immediate threat to the public and the administration of justice that the lawyer should be suspended from the practice of law immediately pending a final determination of the ultimate discipline to be imposed.” Under the Rules Regulating The Florida Bar, to obtain an emergency suspension, the Bar must file a petition, authorized by its president, president-elect, or executive director and supported by one or more affidavits demonstrating facts “that, if unrebutted, would establish clearly and convincingly that an attorney appears to be causing great public harm.” R. Regulating Fla. Bar 3-5.2(a). Because emergency suspensions may be imposed on the basis of the Bar’s petition and supporting affidavits alone, the attorney may move for dissolution of the suspension, requiring the Bar to substantiate the allegations of misconduct made in the petition and affidavits and show a likelihood of prevailing on the merits of those allegations once a formal complaint is filed. See R. Regulating Fla. Bar 3-5.2(e).
Here, upon consideration of the Bar’s initial petition and Guerra’s response, the Court determined that the alleged extensive misuse of Guerra’s trust accounts constituted conduct sufficient to justify an emergency suspension until final disposition of the charges. On Guerra’s motion for dissolution of the suspension, the referee concluded that the Bar satisfied its burden of showing a likelihood of ultimately prevailing on the merits. Guerra does not challenge this conclusion. Accordingly, the referee’s report and recommendation is approved, and the emergency suspension shall continue unaltered.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.